KATHERINE ERION, RELATOR, v. PENSION COMMISSION OF THE CITY OF HOBOKEN ET AL., DEFENDANTS.

Argued April 28, 1928—Decided May 1, 1928.

For the relator, *Edward Stover.*

For the defendants, *William A. Kavanagh.*

The opinion of the court was delivered by

MINTURN, J. The application is for an alternative or peremptory writ of *mandamus* requiring the pension commissioners of the city of Hoboken to pay to the relator, the widow of a deceased fireman, Henry Erion, in the employ of the city for many years, the sum of $43.87 per half month, that sum representing the pension which the deceased fireman received for sometime prior to his death.

The defendant interposes the existing acts of the legislature, and particularly chapter 160 of the act of 1920, as a barrier to the payment of the claim. This defense obviously necessitates a construction of the legislation in question for

the purpose of determining the legal right of the relator to receive the amount in question. Furthermore, the validity and legality of her claim is denied by the defendants. The briefs of counsel upon both sides give no consideration to that fact, although it presents the main objection at this time to the granting of the writ. The rule of law is settled that a writ of *mandamus* will not go where the legal right of the relator is in doubt or at all unsettled, and that the right must first be established by a suit at law to recover the amount in dispute, or by a writ of *certiorari* where that writ may be properly invoked. Thus, a distinguished author upon the subject observes: "The right which it is sought to protect must be clearly established, and the writ is never granted in doubtful cases." *High Extr. Rem.* 12, and cases cited. *Michaelson Pavement Co.* v. *Newark*, 38 *N. J. L.* 396; *Clark* v. *Jersey City*, 42 *Id.* 94; 18 *R. C. L.* 225, and cases cited.

The result is that the relator's application for the writ must be postponed until she shall have settled her legal right to the fund in question by suit at law or otherwise, as she may be advised.

The application for a rule will be denied, but without costs.